**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

PAUL A. FIORAVANTI, JR.
    VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

April 14, 2023

Daniel A. Mason, Esquire
Elizabeth Wang, Esquire
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
500 Delaware Avenue, Suite 200
Wilmington, Delaware  19801

Martin S. Lessner, Esquire
Caleb G. Johnson, Esquire
Young Conaway Stargatt &
Taylor, LLP
1000 North King Street
Wilmington, Delaware  19801

J. Clayton Athey, Esquire
Jason W. Rigby, Esquire
Prickett, Jones & Elliott, P.A.
1310 North King Street
Wilmington, Delaware  19801

Re: *Ares Special Situations Fund IV, L.P. et al. v. Mastec, Inc. et al.*,
    C.A. No. 2022-1130-PAF

Dear Counsel:

I have reviewed the recent motions and exhibits and the parties' emails to my judicial assistant.  If the objective was to get the court's attention, the parties have succeeded.  The chippy emails between counsel are disheartening.  It is apparent that judicial intervention is necessary.

There are several pending motions, some fully briefed, some not.  Having assessed the situation, the court has determined as follows:

1. The Defendants' motion to dismiss for lack of subject matter jurisdiction under Court of Chancery Rule 12(b)(1) is denied. There is an obvious statutory basis for subject matter jurisdiction under 8 *Del. C.* § 111. Defendants' argument that Section 111 jurisdiction is discretionary is without merit. *See S'holder Representative Servs. LLC v. DC Cap. P'rs Fund II, L.P.*, 2022 WL 439011, at *6 (Del. Ch. Feb. 14, 2022). Indeed, former Vice Chancellor Lamb described such an argument as "essentially frivolous." *Dawson v. Pittco Cap. P'rs, L.P.*, C.A. No. 3148-VCL, at *36 (Del. Ch. Dec. 7, 2007) (TRANSCRIPT). To the extent I am wrong and the statute provides a discretionary basis for jurisdiction, I exercise my discretion in favor of maintaining jurisdiction over this case in the Delaware Court of Chancery.[1]

2. The April 11, 2023 scheduling order is hereby vacated.

3. Plaintiffs' motion to strike Defendants' motion to dismiss under Court of Chancery Rule 12(b)(6) shall proceed as follows:

---

[1] Nothing herein should be read as eliminating the possibility of this court appointing a member of the Complex Commercial Litigation Division of the Delaware Superior Court to sit by designation to preside over this action. *See In re Designation of Actions Filed Pursuant to 8* Del. C. *§ 111* (Del. Feb. 23, 2023) (ORDER); *Uptake Techs., Inc. v. 1000330811 Ontario, Inc.*, C.A. No. 2023-0245-AML (Del. Ch. Mar. 2, 2023).

    a. Defendants' opposition shall be served and filed on or before May 1, 2023.

    b. Plaintiffs' reply shall be served and filed on or before May 12, 2023.

    c. The court will advise the parties whether argument is necessary to resolve the motion.

4. Briefing on the merits of Defendants' Rule 12(b)(6) motion is suspended pending resolution of Plaintiffs' motion to strike.

5. Defendants' second motion to stay discovery is denied. Any delay by Defendants in providing discovery constitutes a violation of the court's March 27, 2023 orders that denied the first motion to stay discovery and granted Plaintiffs' motion to compel.

6. Having reviewed the correspondence between the parties, the court has determined that specific discovery deadlines must be imposed. Discovery as to all pending discovery requests shall proceed as follows and shall not be subject to modification by the parties absent leave of court:

    a. Responses to all pending discovery requests shall be served and filed upon (i) the deadlines provided for in the Court of Chancery Rules

or, (ii) if the deadline provided for in the Court of Chancery Rules has passed, then ten days from the date of this order.

b. The parties shall meet and confer over search terms for electronically stored information and document custodians within five days of this order. Each side shall run the search terms and provide hit reports within 30 days after the date of this order.

c. The parties shall meet and confer over hit reports and, if necessary, provide refined search terms, within 10 days after delivery of the initial hit report.

d. All responsive documents to the discovery requests, as narrowed herein, shall be produced on or before June 20, 2023.

e. Privilege logs shall be served on or before July 15, 2023.

7. The parties shall not call or send any emails to my judicial assistant for any reason except for a true emergency. All requests for judicial action shall be by motion. Joint requests may be submitted by letter. Any violation of this paragraph shall be deemed to be contempt of court and counsel that violates the order will be held personally liable for any monetary sanction that the court imposes for violating this paragraph.

8. The court strongly encourages counsel to temper the rhetoric in their emails to each other and in their submissions to the court.

**IT IS SO ORDERED.**

*/s/ Paul A. Fioravanti, Jr.*
Vice Chancellor